30906. WILLIS *v.* THE STATE.

DECIDED JUNE 22, 1945.

*John F. Echols,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *E. E. Andrews,* solicitor-general, *Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted in the criminal court of Fulton County on a charge of operating a lottery known as the number game. He made application for the writ of certiorari, which was granted. On the hearing the writ was overruled and dismissed. This judgment is assigned as error here.

The State's evidence showed: That on the date of the arrest the lottery was in operation in Fulton County; that it was operated on each day of the week except Sundays and legal holidays; that the tickets bore date of September 4th, which was Labor Day, but that the arrest was made on the 5th. It appears that the tickets are quite often written on both Sundays and legal holidays and used the succeeding day. The manner and method of operating the lottery was given in detail. On the 5th of September, at about 12:30, the defendant was observed by two policemen of the City of Atlanta. He was driving a car, and sitting beside him was a 12 or 13-year-old boy. The policemen, desiring to make further investigation, followed the car after it turned into a side street. The defendant got out of the car. After going toward the policemen for a little way he then ran. One of the officers chased him for a considerable distance, but he evaded the officer. The other officer observed that when the little boy got out of the car a sack of lottery tickets fell to the ground. The boy ran also, and escaped. The officers seized the car and the lottery paraphernalia. On the 26th of the same month (the arrest having

been made on September 5, 1944), the defendant, with his attorney, went to the police station and claimed the car. He was put under bond for the offense for which he was convicted. From the date of his flight until his surrender, the officers had endeavored to locate him. They knew him. He had been previously convicted for violation of the lottery law. The lottery paraphernalia which fell from the car was introduced in evidence. The defendant denied his guilt. He stated that he left his car parked on Richmond Street on the 4th of September; that thereafter he and his sister went to Ohio to visit his grandmother; that he was not guilty. This is substantially the case as made, and as it appears from the record. The evidence is amply sufficient to sustain the verdict. *Mills* v. *State*, 71 *Ga. App.* 353 (30 S. E. 2d, 824).

*Judgment affirmed.* *Broyles, C. J. and MacIntyre, J., concur.*